## HUDSON-HOUSTON LBR. CO. v. McPHERSON.

No. 16006—Opinion Filed Nov. 24, 1925.

Withdrawn, Corrected, Refiled, and Rehearing Denied March 16, 1926.

Second Rehearing Denied May 4, 1926.

**1   Appeal and Error — Review of Evidence in Equity Case.**

This court will weigh the evidence in a case of purely equitable cognizance. but will not reverse the same unless it be clearly against the weight of the evidence.

**2.  Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of defendant in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Hudson-Houston Lumber Company against H. L. Carmichael and Beulah McPherson to recover debt and foreclose a mechanic's lien to secure the payment of the judgment. Judgment against Carmichael for the indebtedness, and judgment for Beulah McPherson denying foreclosure of me-

chanic's lien against the property. Plaintiff brings error. Affirmed.

Johnson & McGill, for plaintiff in error.

Chas. A. Coakley, James H. Mathers, and Thos. Norman, for defendant in error.

Opinion by STEPHENSON, C. There are two duly recorded town-site plats on record in the office of the county clerk of Carter county. One shows a plat of the town of Healdton, and the other shows a plat of the city of New Healdton. The two towns did not have the same number of lots and blocks. The Hudson-Houston Lumber Company filed a mechanic's lien against the owner, H. L. Carmichael, on certain lots in block 40, situated in the city of Healdton. H. L. Carmichael sold lots 21 and 22 of block 40 situated in the city of New Healdton, to Beulah McPherson. It will be observed that the lots sold to Beulah McPherson were not even in the same town where the lots affected by the mechanic's lien are situated. The plaintiff filed its petition to foreclose its mechanic's lien against H. L. Carmichael and Beulah McPherson. The petition described the lots charged with the mechanic's lien, as being situated in the city of New Healdton. and the some property as purchased by Beulah McPherson. The mechanic's lien attached to the petition described the lots as being situated in the city of Healdton. The petition does not ask for a reformation of the mechanic's lien statement. so as to describe the property as being situated in the new city of Healdton, even if this could be done.

The plaintiff offered in evidence its mechanic's lien over the objection of the defendant, which described different property from that of the defendant's. In fact, the property described in the mechanic's lien was situated in a town different from that in which the defendant's property was located. The plaintiff then rested. The evidence of both parties thereafter related to the plats of the two towns and matters pertaining thereto. A witness for the defendant testified, without objection on the part of the plaintiff, that neither the witness nor the defendant knew of the existence of the lien until several months after the defendant acquired the property in the city of New Healdton. The court entered judgment for the defendant. The plaintiff has appealed. The record indicates that the plaintiff relied entirely upon its mechanic's lien relating to property situated and described to be in the city of Healdton, as being sufficient to fasten a lien upon thte defendant's property, situated in the city of New Healdton.

The plaintiff on appeal says that it was entitled to judgment for the reason that the defendant failed to show that she acquired the property in the city of New Healdton, for value, without notice of the plaintiff's lien. This contention would be well made if the mechanic's lien had been filed against the property of the defendant. Plaintiff could not be entitled to a judgment in any event to a lien against the property situated in New Healdton, as it relied upon a lien statement filed against the property situated in the city of Healdton.

The plaintiff was not concerned about the property situated in the city of New Healdton, nor the defendant interested in the property which the plaintiff's lien statement covered in the city of Healdton. The plaintiff did not offer proof of any lien statement, which showed it to be entitled to any relief against defendant's property. Therefore, plaintiff was not entitled to a judgment against property different from that described by its mechanic's lien statement. The contention that defendant must have testified that she had no notice of the lien described by the lien statement, and that she bought the property in the city of New Healdton, without knowledge of the lien claim against the property in the city of Healdton, is aside from the question, so far as the pleadings and proof are concerned in this case.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 897, §2867; 900, §2869. (2) 4 C. J. p. 1129, §3122.